UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WEST COAST PRODUCTIONS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICIA CRAVEN, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. _____ |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys, for its Complaint against Defendant, allege:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (a) (copyright).

3. Venue in this District is proper pursuant to 28 U.S.C. §1400(a). On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the Plaintiff, reproduced and publicly displayed over the Internet copyrighted works for which Plaintiff has exclusive rights in this District.

### PARTIES

4. Plaintiff, West Coast Productions, Inc. ("Plaintiff"), is a creator and distributor of adult motion picture/films, with a principal place of business located at 10040 Remmet Avenue, California.

1

5. Defendant, Patricia Craven ("Defendant"), is an individual who, on information and belief, resides at 15 Jordan Road, Peabody, Massachusetts.

## COUNT I
## INFRINGEMENT OF COPYRIGHTS

6. Plaintiff incorporates by reference Paragraphs 1-5, as if fully set forth herein.

7. Plaintiff is responsible for the creation, development, and production of the commercially released film titled "Teen Anal Nightmare 2," (hereinafter "copyrighted film") that has significant value and has been produced and created at considerable expense.

8. At all relevant times hereto, the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for certain copyrighted motion pictures, including but not limited to, the copyrighted film. The copyrighted film is the subject of a valid Certificate of Copyright Registration—PA0001701526—issued by the Register of Copyrights.

9. The copyrighted film contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

10. The Plaintiff is informed and believes that the Defendant, without the permission or consent of Plaintiff, used BitTorrent to distribute to the public, the copyrighted film.

11. More specifically, Defendant, on information and belief, without the permission or consent of the Plaintiff, downloaded and distributed the copyrighted film using the BitTorrent protocol on November 27, 2010 at 7:45 am via the IP address 75.68.235.15, which was provided by her ISP, Comcast Cable Communications. In doing so, the Defendant has violated the Plaintiff's exclusive rights of reproduction and distribution.

12. The Defendant's actions constitute infringement of the Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

13. The foregoing acts of infringement have been intentional, willful, and in disregard of and with indifference to the rights of the Plaintiff.

14. As a result of the Defendant's infringement of Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**WHEREFORE,** the Plaintiff prays that this Honorable Court grant the following relief against the Defendant:

1. Enter judgment for the Plaintiff and against the Defendant on Count I of this Complaint;

2. Award actual damages or statutory damages pursuant to 17 U.S.C. § 504, but in no event less than $30,000 per infringement and up to $150,000 per infringement should the Court find any infringement to be willful or intentional, at the election of the Plaintiff;

3. For entry of permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Picture, whether now in existence or later created, that is owned or controlled by Plaintiff, including without limitation by using the Internet to reproduce or copy Plaintiff's movies or to distribute Plaintiff's movies, except pursuant to a lawful license or with the express authority of Plaintiff.

4. Award Plaintiff reasonable attorneys' fees, costs, and interest; and,

5. Award all other such and further relief as the Court deems just and proper.

3

|  |  |
|---|---|
|  | Respectfully Submitted,<br>WEST COAST PRODUCTIONS,<br>By Its Attorneys, |
| DATED: February 3, 2012 | **/s/Todd J. Bennett**<br>Todd J. Bennett, Esq. (BBO # 643185)<br>Eric R. LeBlanc, Esq. (BBO # 666786)<br>BENNETT & BELFORT, P.C.<br>24 Thorndike Street, Suite 300<br>Cambridge, MA 02141<br>Telephone: 617-577-8800<br>Facsimile: 617-577-8811<br>tbennett@bennettandbelfort.com<br>eleblanc@bennettandbelfort.com |